## DE VILLA v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 3, 1923.)

No. 6271.

1. **Criminal law ☞901—Appellate court may consider sufficiency of evidence, though motion to direct verdict not renewed.**

Though defendant, who moved for a directed verdict at the close of the government's case, when motion was denied, proceeded to put in his defense, and did not afterwards renew the motion, the appellate court could consider the question whether there was any sufficient evidence of guilt to take the case to the jury.

2. **Criminal law ☞560—Suspicion of guilt not sufficient.**

A conviction cannot rest on merely a strong suspicion of guilt.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Frank De Villa was convicted of conspiracy in unlawfully possessing and unlawfully transporting intoxicating liquor, and brings error. Reversed.

E. D. O'Sullivan and George N. Mecham, both of Omaha, Neb. (Rosewater & Mecham and Jamieson, O'Sullivan & Southard, all of Omaha, Neb., on the brief), for plaintiff in error.

Don W. Stewart, Asst. U. S. Atty., of Lincoln, Neb. (James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE, Circuit Judge, and MORRIS and FARIS, District Judges.

MORRIS, District Judge. Defendant (plaintiff in error here) was indicted jointly with three others for conspiring to violate the Volstead Act (Comp. St. Ann. Supp. 1923, §§ 10138¼a–10138¾t). The other three defendants entered pleas of guilty. This defendant entered a plea of not guilty, and was tried and convicted on two counts charging conspiracy in unlawfully possessing and unlawfully transporting intoxicating liquor. He brings error to reverse the judgment of the trial court sentencing him to imprisonment in the penitentiary for a term of two years.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Forty-four alleged errors are assigned. Of these 11 are argued in the brief. Four of the 11 attack the sufficiency of the evidence to uphold the verdict. It is sufficient to say that, after a careful examination of the record, we are satisfied that 'the other 7 are without merit. An extended discussion of these we deem unnecessary. This leaves the one serious question in the case, namely: Was there any substantial and sufficient evidence that defendant actually participated in the conspiracies to possess and transport the liquor involved? Provided, that question can upon the record here be considered.

[1] The fact upon which the latter point rests is that, while defendant did at the close of the government's case move for a directed verdict, when that motion was denied as to the 'counts on which he was convicted, he proceeded to put in evidence in his defense, and did not afterwards renew it, thus, as is contended, waiving it. Whatever the former rule may have been, it is now fairly well settled that this court may, upon the facts disclosed, consider the question whether there was any sufficient evidence of guilt to take the case to the jury.

The record shows that the conviction is based solely on the testimony of the witnesses Hesse and Hutchison. After a careful examination of their testimony, in connection with all the other evidence in the record, we are satisfied that it wholly fails to disclose defendant's connection with the transactions on which the indictment was based and on which he was convicted. While it raises a strong suspicion that there was some sort of connection between this defendant and the defendants who entered pleas of guilty, we have not been able to find in the record any evidence which shows this connection, and the inferences arising from the 'circumstances disclosed by the evidence as to the charge here under consideration are as consistent with innocence as they are with guilt. We do not deem it necessary to discuss the evidence in detail.

[2] The result is that, while the evidence raises in our minds a strong suspicion of defendant's guilt, we feel constrained to hold that there is no sufficient legal evidence to justify the verdict of guilty, and the judgment must therefore be reversed.