### AMEZAGA et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1924.)

No. 4124.

**Criminal law ⬤➡407(1)—Admission of statement of third person in presence of defendant held error.**

Admission of testimony of a witness to a statement of a third person in the presence of defendant *held* error, in the absence of evidence tending to show that defendant acquiesced in the statement, and particularly where the same witness testified that defendant denied its truth.

In Error to the District Court of the United States for the Southern District of Florida; J. W. Mack, Judge.

Criminal prosecution by the United States against Felipe Amezaga and Joe Di Bona. Judgment of conviction, and defendants bring error. Reversed and remanded.

H. S. Phillips, of Tampa, Fla. (Martin Caraballo, of Tampa, Fla., on the brief), for plaintiffs in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey and Harry W. Reinstine, Asst. U. S. Attys., both of Jacksonville, Fla.

Before WALKER, and BRYAN, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge. One of the counts of the indictment in this case charged a violation of the Anti-Narcotic Act (Comp. St.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

§§ 6287g–6287q) by the plaintiffs in error (herein called defendants), having in their possession a stated number of unstamped packages of a described derivative of opium. In the course of the testimony of a witness for the prosecution as to certain tablets found in defendant's place of business, the witness, over the objection duly made, was permitted to testify that one Hudson, a drug addict, who was not examined as a witness, after biting one of the tablets, stated in the presence of one of the defendants that they were morphine tablets. There was no testimony tending to prove that the defendant who was present acquiesced in the statement of Hudson which was so deposed to. On the contrary, the witness on his cross-examination stated that such defendant denied that statements made by Hudson were true. In the absence of any evidence tending to prove that the defendant who was present acquiesced in the truth of such statement made by Hudson, testimony as to the making of that statement was inadmissible, and the objection to such testimony on the ground that it was hearsay should have been sustained. 2 Jones, Commentaries on Evidence, § 289.

Because of the error mentioned, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.