## BENN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 17, 1927.

No. 4914.

**Intoxicating liquors ☞236(19)—Evidence of maintaining and operating still held insufficient to sustain conviction.**

Evidence *held* insufficient as matter of law to sustain conviction for maintaining and operating a still.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Jim Benn was convicted of maintaining and operating a still, and he brings error. Reversed and remanded.

Julia Waldrip Kerr and Harry L. Parr, both of Olympia, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and Bertil E. Johnson, Asst. U. S. Atty., of Tacoma, Wash. (Carroll A. Gordon, Asst. U. S. Atty., of Tacoma, Wash., on the brief), for the United States.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. The sufficiency of the testimony to support a conviction for carrying on the business of distiller without having given the bond required by law, and for making and fermenting mash fit for the distillation of spirits on premises other than a distillery duly authorized according to law, is the principal question presented by the record before us. The testimony on the part of the government was entirely circumstantial, is very brief, and viewed in its most favorable aspect tends to establish the following facts only. On the 23d day of October, 1925, federal agents visited a ranch owned by the plaintiff in error in the Bald Hills in Mason county, Wash.; the buildings on the ranch consisting of a small shack, a good-sized barn, and a shed. In the barn the officers found two 50-gallon drums of coal oil and three 100-pound sacks of cane sugar. Outside the barn were found two additional drums of coal oil. In the shack was found a letter addressed to plaintiff in error and about 12 pounds of yeast. Near the barn was found an automobile truck owned by the plaintiff in error. In a cave, or dug-out, on an adjoining ranch, owned by one Sorenson, the officers found a fully equipped still, several hundred gallons of fermented mash, upwards of 100 gallons of whisky, and the customary distilling paraphernalia. The still was located at a distance of about 276 paces from the shack owned by the plaintiff in error, but the distance from the boundary line between the two ranches does not appear. An automobile track or tracks led from the barn and shed to a point where the fence was down. Whether this fence marked the boundary line between the two ranches does not appear. The soil in the meadow was wet and muddy, and fresh mud was found on the tires of the automobile similar to the mud found in the meadow, but whose meadow does not appear. The road from the meadow terminated at the fence, and from that point a trail led to the still and stillhouse. This trail was the only apparent means by which bulky or heavy articles could be transported to the stillhouse. Beyond this, the government offered no testimony tending to show that the plaintiff in error was at any time at or in the vicinity of the ranch or still.

The testimony of the plaintiff in error tends to show that he lived on a ranch in Thurston county, about four miles from the city of Olympia, with his wife and children; that he purchased the Mason county ranch about a year before the still was found on the adjoining ranch; that he never resided

on the Mason county ranch, but kept a hired man there most of the time; that he visited the ranch every two weeks or so, to bring groceries and supplies to the hired man; that these visits did not extend beyond a few hours at most, except while he was putting up hay on the ranch during the previous August; that he owned the coal oil found at the barn, and had purchased it for the purpose of operating a tractor to plow the ranch; that he knew nothing about the sugar, and had not visited the barn where it was found, since he put up his hay in the previous August; and that he knew nothing whatever about the still or its operation. As to his visits to the ranch, and their frequency and duration, he was fully corroborated by other disinterested witnesses. A neighbor also testified that he had agreed to rent a tractor to the plaintiff in error to plow his land, and that the coal oil found there was no more than adequate for that purpose. This testimony on the part of the plaintiff in error was in no wise contradicted, and the jury was not at liberty to wholly disregard it.

As already stated, we have viewed the testimony on the part of the government in its most favorable light, and do not assume the right to pass upon conflicting testimony. But, in this view of the case, we have little hesitation in declaring as a matter of law that the testimony was wholly insufficient to establish the guilt of the plaintiff in error beyond a reasonable doubt. It shows quite clearly that he was not at or in the vicinity of the ranch often enough or long enough to operate a still of that magnitude, and there is no testimony or claim that he operated it through other agencies. Indeed the testimony offered by the government made out fully as strong a case against the two men who were living on the ranch at the time the still was found, and perhaps against others. We do not mean by this that the government made out a case against these two men, or against any one else, but we refer to it solely for the purpose of showing that under the testimony the question as to who operated or maintained the still was a pure matter of guesswork and speculation.

It is highly important, of course, that this and all other criminal laws should be strictly enforced, but it is of far greater importance that a citizen should not be imprisoned and deprived of his liberty under a judgment based on no surer foundation than mere guesswork and speculation. This rule is elementary. DeLuca v. U. S. (C. C. A.) 298 F. 412; DeVilla v. U. S. (C. C. A.) 294 F. 535; Turinetti v. U. S. (C. C. A.) 2 F.(2d) 15.

The judgment is reversed, and the cause remanded for a new trial.