## BERGEDORFF v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit. December 31, 1929.

No. 26.

George H. Lerg, of Denver, Colo. (George A. Chase, of Denver, Colo., on the brief), for appellant.

Charles E. Works, Asst. U. S. Atty., of Denver, Colo. (Ralph L. Carr, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge. The appellant was convicted on the first count of an indictment which charged him with the unlawful possession of intoxicating liquor on March 31, 1928, at a place near his residence and premises occupied by him; also on the second count, identical in terms with the first count except as to quantity, the first count charging that the liquor so possessed by appellant was about 190 gallons of whiskey and the second that it was about 20 gallons of whiskey. The third count, on which, appellant was acquitted by. the jury, charged appellant with manufacturing intoxicating liquors on April 14, 1928, at or near the premises in Adams County, Colorado, occupied by appellant as his residence.

As to the third count, on which appellant was acquitted, it appears that prohibition agents and police officers found a dismantled still near appellant's residence, and uncontradicted testimony discloses that it was put there in its dismantled state at the direction of appellant's brother, Roy, who, it seems, was manufacturing whiskey on leased premises about fifteen miles away. When the lessor learned that whiskey was being manufactured on the leased premises he notified the lessee and Roy Bergedorff that the manufacturing plant and everything connected therewith must be immediately moved off, and then it was that Roy dismantled the still and had it hauled to appellant's premises, where it remained in its dismantled state. So that the trial judge advised the jury that he was in great doubt whether there was any evidence to support the third count, and the jury acquitted appellant on that count. At the close of all of the testimony the court, over the exception of appellant, refused to direct verdicts of not guilty on the first and second counts, as well as the third. The court's refusal to so instruct is assigned as error.

It appears that appellant's residence during the time in question was on à 40-acre tract and in its northwest corner; that about March 31, 1928, prohibition agents and State police officers went to appellant's place and made a search. The greater part of the 40 acres was in alfalfa. They found automobile tracks leading eastward from the vicinity of the house to the east line fence of the 40 acres, and over the fence, 56 feet beyond it, in a creek bottom, they dug up 28 kegs of moonshine whiskey, which they removed. This testimony was offered in support of the first count. One of the police officers also found, on the same visit, four kegs of moonshine also buried in the sand at another point. This appears to have been on the 40 acres. The officers testified that they were attracted to this last place by indications on the ground that something had been dragged to that point. One Edson testified without contradiction that these four kegs were turned over to him by Roy Bergedorff at a time when Roy had several kegs of whiskey in an automobile in the alfalfa field below the house, and that

he took the four kegs to secure an indebtedness of $100 then owing him by Roy; that Roy said he did not have the money then but would give him the money in a couple of days and take the kegs back. The witness further testified that he waded through water to locate the place to bury the kegs. Appellant was not at home on March 31st, when these buried kegs were discovered. A hired man was there working on the place. The hired man testified that he had driven across the alfalfa field hauling posts to repair the fence in the vicinity of the 28 buried kegs. There is no testimony of any witness connecting appellant in any manner with these kegs of whiskey, or that he had any knowledge as to where any of them were. Twenty-eight of them were not even on his premises, and there is no proof that the other four were buried on the 40 acres with his knowledge. Roy Bergedorff did not pay Edson the $100 he owed him, but very soon after Roy turned those 4 kegs over to Edson he became a fugitive and his whereabouts were not thereafter known. There was testimony that appellant had thoroughbred Guernsey milk cows on the 40-acre tract, and that milk from these cows was taken to the creamery in Denver every day. Evidence was offered to show the number of cows kept but on objection of the district attorney that was excluded. Appellant's hired man testified that when the officers came on March 31st he had just come in with a load of hay, that no one was at home except himself and Mr. Bergedorff's aunt, that defendant and Mrs. Bergedorff left that morning and returned that evening, that he had been working on the fence on the south and east side of the alfalfa field and had driven over the field several times hauling posts back and forth, old posts out and new ones in, that he seldom followed the same track across the field in order not to cut the alfalfa too much, that he knew nothing about any liquor business going on around there. He was not away from the place except for a few hours at a time. There was no contradiction in the testimony of witnesses. The facts stated constitute the substance of all the material testimony, and we entertain no doubt that it was wholly insufficient to sustain the verdict on either the first or second count. The possession charged in those counts means dominion and control. On the evidence stated the verdicts of the jury were as to each count a pure surmise made in the face of the legal presumption that appellant was innocent of the charges, and that he could not be convicted until his guilt should be established beyond a reasonable doubt. It was error to refuse to instruct verdicts of not guilty as requested. Grantello v. United States (C. C. A.) 3 F. (2d) 117; Patrilo v. United States (C. C. A.) 7 F.(2d) 804; Huth v. United States (C. C. A.) 295 F. 35; Feinberg v. United States (C. C. A.) 2 F.(2d) 955; Colbaugh v. United States (C. C. A.) 15 F.(2d) 929; Benn v. United States (C. C. A.) 21 F.(2d) 962.

Reversed and remanded.