## UNITED STATES v. PETRIE et al.
### No. 463.

Circuit Court of Appeals, Second Circuit.
June 27, 1932.

Harold L. Turk, of Brooklyn, N. Y. (Phillip F. Seigenfeld, of Brooklyn, N. Y., of counsel), for appellant Bernstein.

James E. Wilkinson, of Brooklyn, N. Y., for appellant Pardo.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, and Kenneth E. Vought, both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and AUGUS-TUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

On April 7, 1931, federal agents discovered on the Lindhyn estate in Glen Cove, Nassau county, a still for manufacturing alcoholic liquors. On the property, consisting of 23 acres, there was a tower building used for such manufacturing. The agents found a 1,500-gallon unregistered still in operation; also alcohol, mash, sugar, molasses, and 500 gallons of unfinished product. There were three automobiles found, two of which belonged to Bernstein. Petrie, a defendant, with his wife and children lived on the premises. When questioned by the agents, Petrie said he paid rent to the appellant Bernstein, for whom he had done carpenter work over a period of several years. He said he knew liquor was being manufactured, because he could smell it. The telephone was in the name of one Knowles. The defendant Macchia became a government witness and testified that Pardo employed him as a laborer about the place at a weekly salary some four weeks prior. He helped to load and unload the materials and products when finished. He knew of the operation of the still, and said there were three other men, all of whom were paid by Pardo, who, he said, was around the still frequently. While Petrie lived in the house next to the still, he was not employed there. The premises were cut up for a real estate development; streets and roads were laid out.

Some ten days after the arrest, the agents interviewed the appellant Bernstein, who admitted renting the house to Petrie. He said he was the president of the company which owned the property, and that he sold two lots on which the building was situated to one Nager. This is where the still was found. He received $500 on account of the contract, and the balance was to be paid on the passing of title. A contract, signed by Nager, was exhibited. Bernstein's attorney testified, verifying the sale of the property. Bernstein was never seen about the premises.

As a witness, Bernstein testified to his purchase of the property, naming others as interested with him. He told of the sale to Nager; he denied knowledge of the still in the building at any time before the raid. He disclaimed any interest whatever in the operation of the still. Nager was not produced as a witness, and could not be found by the government agents.

The evidence was insufficient to submit to the jury for inquiry as to whether or not Bernstein's guilt was established beyond a reasonable doubt. It was shown that he was president of the corporation which held legal title to the 23 acres of land upon which the building containing the still stood, but that is all. There is no evidence showing that he had anything to do with the operation of the still or knew of its existence. Petrie never saw him about the premises, nor did any one else so far as the evidence shows. Possession of a still, requiring registry thereof, as provided by title 26 USCA § 281, Rev. St. § 3258, involves dominion and control with plenary power of disposal in the alleged possessor. The mere fact that the appellant Bernstein might have known the still was there, if he did know, would not make him guilty of criminal possession of an unregistered still. Bergedorff v. United States, 37 F.(2d) 248 (C. C. A. 10); Benn v. United States, 21 F.(2d) 962 (C. C. A. 9); Colbaugh v. United States, 15 F.(2d) 929 (C. C. A. 8). The evidence does not show he was running the still. The defendant Macchia testified that Pardo was in full charge, paid the men, and operated the still. Bernstein's guilt may not be established by mere suspicion or surmise. A verdict of acquittal should have been directed as to him.

The evidence was ample to require the submission of Pardo's guilt to the jury, and their verdict is fully sustained.

Error is assigned for allowing the government counsel to refresh the witness Macchia's recollection by referring to a statement he had previously made before taking the witness stand. After having exhausted the witness' recollection, the court permitted counsel to have him refresh his recollection by examining a statement he had made soon after his arrest. This he did and testified further. It was permissible to do so. Jelke v. United States, 255 F. 264 (C. C. A. 7); Equitable Surety Co. v. Bd. of Commissioners, 256 F. 773 (C. C. A. 5); Foster v. United States, 178 F. 165 (C. C. A. 6).

We find no error requiring a reversal of Pardo's conviction.

Judgment reversed as to Bernstein, and affirmed as to Pardo.