UNITED STATES of America, Plaintiff-Appellee,

v.

Alvin Admiral McKENZIE, Defendant-Appellant.

No. 14729.

United States Court of Appeals Sixth Circuit.

May 3, 1962.

---

William E. Badgett, Knoxville, Tenn., for defendant-appellant.

John H. Reddy, U. S. Atty., Knoxville, Tenn., for plaintiff-appellee.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellant was found guilty by a jury of possessing distilled spirits, the immediate containers thereof not having affixed thereto the required Internal Revenue stamps, in violation of Sections 5205(a) (2) and 5604(a) (1), Internal Revenue Code, 26 U.S.C.A. §§ 5205(a) (2), 5604(a) (1).

Two Alcohol Tax Unit agents testified that three men drove in a blue and white 1955 Oldsmobile to a house in Knoxville, Tennessee, occupied by Willie Porter, in which the witnesses were stationed, that Willie Porter got out of the automobile and came to the front porch, that another of the men, Arfield Johnson, took a cardboard carton from the back seat of the car and delivered it into the residence, and that the third man, who they claim was the appellant, was driving the car but did not get out of the car, did not handle the cardboard carton or take any part in its delivery from the automobile to the residence. One of the witnesses testified that he recognized appellant as the driver of the vehicle. The cardboard carton was found to contain six gallons of nontaxpaid whiskey.

Appellant testified that he was not with Arfield Johnson at any time when a cardboard carton was delivered to the house where Willie Porter lived, and that he was not the driver of the Oldsmobile in question.

The District Judge, after giving the usual instructions on credibility of witnesses, presumption of innocence, reasonable doubt, constructive possession and circumstantial evidence, told the jury that appellant's defense was that he was not the driver of, or a passenger in, the Oldsmobile automobile at the time specified and that the agent was mistaken in his identification of him. In concluding his charge to the jury the District Judge then said.

"This case, as indicated by counsel —both counsel, counsel for the Government and for the defense—is a very simple case, about as simple a whiskey case as you will ever have come before you. It has but one issue in the case, one controlling issue, and the issue is this: Did these officers correctly identify or were these officers mistaken in their identification of these defendants on the occasion that these officers contend that they found this whiskey? If they were correct, then these men possessed that whiskey on that occasion, they are guilty. On the other hand, if they were mistaken in the identification of these men, or if you have a reasonable doubt as to whether they were mistaken, these

men would not be guilty. If there is doubt as to either one of them, that one about which there is a doubt, if any doubt exists, would not be guilty."

We are of the opinion that this was an oversimplification of the case. It is true that the identification of the appellant was the crucial issue in the case. But it was not the only fact which the Government had to prove in order to obtain a conviction. The indictment charged (1) *possession* of (2) *nontax-paid whiskey* (3) by *the appellant*. It was necessary that the Government prove to the jury beyond a reasonable doubt every essential element of the offense charged. Christoffel v. United States, 338 U.S. 84, 89, 69 S.Ct. 1447, 93 L.Ed. 1826; Colt v. United States, 158 F.2d 641, C.A.5th; Boatright v. United States, 105 F.2d 737, 740, C.A.8th. It was necessary in this case that the Government prove not only that appellant was driving the car, but also prove that the circumstances were such as to constitute possession by the appellant of the contents of the cardboard carton and that the carton contained nontaxpaid whiskey. Schwachter v. United States, 237 F.2d 640, C.A.6th. No matter how conclusive the evidence may be in a criminal case on a controverted material fact, the trial judge cannot make the finding or withdraw the issue from the jury. United Brotherhood of Carpenters and Joiners of America v. United States, 330 U.S. 395, 408, 67 S.Ct. 775, 91 L.Ed. 973; Schwachter v. United States, supra, 237 F.2d 640, 644, C.A.6th. The issue of possession was such an issue in this case, as well as the issue of the identification of the driver. Pearson v. United States, 192 F.2d 681, 692–693, C.A.6th; McClain v. United States, 224 F.2d 522, 525, C.A.5th; People v. Germaine, 234 Mich. 623, 626–627, 208 N.W. 705; Wells v. Commonwealth, 221 Ky. 796, 299 S.W. 975. Although there was an instruction on constructive possession, the effect of it was materially weakened if not completely dissipated by the Court's closing overall summing up that if the agent correctly identified the appellant, "then these men possessed that whiskey * * *, they are guilty."

Although no objection was made to the instructions at the time, we are of the opinion that the instructions should be reviewed on this appeal under the provisions of Rule 52(b), Rules of Criminal Procedure, 18 U.S.C.A.

The judgment is reversed and the case remanded to the District Court for a new trial.