UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward JOHNSON and Lonnie Eugene
Johnson, Defendants-Appellants.

No. 20359.

United States Court of Appeals,
Sixth Circuit.

Nov. 23, 1970.

Robert J. Harriss (Court Appointed), Chattanooga, Tenn., for appellants on brief.

John L. Bowers, Jr., U. S. Atty., Jerry Foster, Asst. U. S. Atty., Chattanooga, Tenn., for appellee on brief.

Before EDWARDS, CELEBREZZE and BROOKS, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from the United States District Court, Eastern District

of Tennessee, where the Appellants were convicted by a jury of violating several provisions of the Internal Revenue Code relating to distilled spirits. Although this matter originally involved three defendants each of whom was indicted on five separate counts under the Internal Revenue Code, only Edward Johnson and Lonnie Eugene Johnson (hereafter, "Appellants") have perfected an appeal to this Court.

The five counts under which the Appellants were indicted were: (1) possession of an unregistered still in violation of 26 U.S.C. §§ 5179 and 5601(a) (1) (1964); (2) carrying on the business of distillers in violation of 26 U.S.C. §§ 5173 and 5601(a) (4) (1964); (3) working at an unlawful still in violation of 26 U.S.C. §§ 5180(a) and 5681(c) (1964); (4) making and fermenting mash for the production of distilled spirits in violation of 26 U.S.C. §§ 5222 and 5601(a) (7) (1964); and (5) possession of nontax paid whiskey in violation of 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1) (1964).

Edward Johnson pled guilty to working at an unlawful still (Count 3) and was convicted after a jury trial of carrying on the business of distillers (Count 2), possession of an unregistered still (Count 1), and possession of nontax paid whiskey (Count 5). He was acquitted of the charge of making and fermenting mash (Count 4). On appeal, Edward Johnson contends there was insufficient evidence to sustain the jury's verdicts on Counts 1, 2 and 5.

Lonnie Eugene Johnson pled guilty to working at an unlawful still (Count 3), possession of an unregistered still (Count 1), and possession of nontax paid whiskey (Count 5). He was convicted after a jury trial of carrying on the business of distillers (Count 2) and was acquitted of the charge of making and fermenting mash (Count 4). On appeal, Lonnie Eugene Johnson contends there was insufficient evidence to sustain the jury's verdict as to Count 2.

At trial, the Government produced three witnesses each of whom participated in a raid of an unlawful distillery located in a secluded spot in Sequatchie County, Tennessee. Special Investigator Lawhorn of the United States Treasury Department testified that at a distance of approximately one hundred yards he heard the sounds of burners, voices and an occasional banging noise from the direction of the distillery; and that as he approached the distillery which was concealed in a nook just beyond a bend in the road, he could see Lonnie Eugene Johnson moving around and Edward Johnson sitting on a condenser. Investigator Lawhorn testified that when he raided the distillery, the Appellants fled but were apprehended by his cohorts. Investigator Lawhorn also testified as to the presence of 350 gallons of mash fit for distillation in a still pot that was in operation, hot spent mash in another still pot, forty seven and a half gallons of nontax paid distilled spirits and a variety of other equipment typical of a moonshine operation.

Special Investigator Langford also testified for the Government corroborating Investigator Lawhorn's version of the raid. Further, he indicated that he advised Appellants and their co-defendant in the trial below of their constitutional rights upon their apprehension. He testified that thereafter each of the co-defendants made statements. Appellant Lonnie Eugene Johnson allegedly stated that "it was sweet mash and that they were not getting much liquor off of it". Appellant Edward Johnson and his co-defendant Linton Green both allegedly made statements to the effect that this was the first time they had ever helped operate a still. Special Investigator Eckard confirmed Investigator Langford's testimony.

The defense introduced Appellant Edward Johnson and his co-defendant Green as witnesses. Appellant Edward Johnson acknowledged that he knew he was engaging in illegal activity. He stated his brother Lonnie had asked Green and him

to be "lookouts" while he ran the still. Edward Johnson stated his brother told them they were all going to be paid $20 a piece by some man for their efforts. Linton Green's testimony was substantially the same as that of Edward Johnson. Both of the men insisted they did not help "operate" the still or possess any distilled spirits, rather that each worked solely as a "lookout."

We turn first to the appeals of both Appellants with regard to the charge of "carrying on the business" of distillers in violation of 26 U.S.C. §§ 5173 and 5601(a) (4) (1964). The offense of "carrying on" illegal distillation was recently characterized by the United States Supreme Court as "an offense which is one of the most comprehensive of the criminal statutes designed to stop the production and sale of untaxed liquor." United States v. Gainey, 380 U.S. 63, 67, 85 S.Ct. 754, 757, 13 L.Ed.2d 658 (1964). It was with the broad prohibition of Sections 5173 and 5601(a) (2) (4) that Congress meant to make criminal an entire gamut of specific activities relating to the production and distribution of illegal distilled spirits including those who aid and abet the enterprise of illegal distillation. 18 U.S.C. § 2 (1964). United States v. Gainey, supra. "Suppliers", "haulers", "caretaker[s]", "watchm[en]", "lookout[s]" and a "host of other functionaries" have been held to be encompassed within the reach of § 5601(a) (4). United States v. Gainey, 380 U.S. 63, 67, 85 S.Ct. 754, 13 L.Ed.2d 658 (1964). *See* United States v. Romano, 382 U.S. 136, 140, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965). Indeed, Congress has created a statutory presumption, 26 U.S.C. § 5601(b) (2) (1964), that "[p]resence at an operating still is sufficient evidence to prove the charge of 'carrying on' because anyone present at the site is very probably connected with the illegal enterprise." United States v. Romano, 382 U.S. at 141, 86 S.Ct. at 282. United States v. Gainey, *supra*.

Applying these principles, we find that the evidence introduced at trial including the presence of the Appellants at the concealed distillery and their subsequent statements when apprehended provide ample evidence upon which a jury could have determined that each of the Appellants was "carrying on" the business of illegal distillation. We hold there was sufficient evidence to convict each of the Appellants on Count 2 of the indictments.

Second, we turn to the appeal of Appellant Edward Johnson on his convictions for possession of an unlawful still and possession of nontax paid whiskey in violation of 26 U.S.C. §§ 5179, 5601(a) (1) (1964) and 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1) (1964), respectively. Unlike the offense of "carrying on," these offenses of "possession" are not intended to embrace a whole gamut of functions relating to the illegal distillation of spirits. As the United States Supreme Court observed in United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965):

"Congress has chosen in the relevant provisions of the Internal Revenue Code to focus upon various phases and aspects of the distilling business and to make each of them a separate crime. * * * Section 5601(a) (1) [possession of an illegal still] obviously has a much narrower coverage than has § 5601(a) (4) [carrying on the business] with its sweeping prohibition of carrying on a distilling business."

This "markedly [narrower] difference" in the scope of the offenses is reflected in the nature and quantum of proof required to support a conviction for the distinct offenses of possession. While the presence of an accused at a still may be used as relevant evidence of "possession," it may not be used as "sufficient evidence to prove the crime of possession beyond a reasonable doubt" as it is for the offense of "carrying on." United States v. Romano, 382 U.S. at 140–141 and 144, 86 S.Ct. at 282.

Sufficient evidence to prove a conviction for the offenses of possession of an illegal still or nontax paid whiskey must include some evidence that the accused either engaged in, or aided in the exercise of, conduct directly related to the custody, control or possession of the illegal still or spirits. As the United States Supreme Court stated in Bozza v. United States, 330 U.S. 160, 164, 67 S.Ct. 645, 91 L.Ed. 818 (1947), and reaffirmed in United States v. Romano, 382 U.S. at 140, 86 S.Ct. 279,

"[Section 5601(a) (1)] is confined to those who had custody 'or possession' of the still or acted in some 'other capacity calculated to facilitate the custody or possession, such as, for illustration, service as a caretaker, watchman, lookout or in some other capacity.'" [United States v. Bozza, 330 U.S. at 164, 67 S.Ct. 645, 382 U.S. 140, 86 S.Ct. 282.]

■ Although the requirements of proof for the offenses of "possession of an illegal still" and "possession of nontax paid whiskey" are specific, we find that the evidence adduced at trial was sufficient to support Appellant Edward Johnson's conviction on Counts 1 and 5. The Appellant twice admitted that he functioned as a "lookout" while his brother operated an illegal still. In that it only required one person to operate the still and two others were paid an equal amount and asked only to be lookouts, one may fairly infer from this evidence that the position of "lookout" is a vital one not only to the control, custody and operation of a still but also to the production and possession of nontax paid whiskey. Further, a clear inference of *Bozza* and *Romano*, (quoted above) is that a lookout may materially facilitate the custody or possession of an illegal still.

The judgment of the District Court is affirmed.