**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Floyd MAYFIELD, Defendant-Appellant.
No. 20708.**

United States Court of Appeals,
Sixth Circuit.

March 8, 1971.

B. C. McInturff, Kingsport, Tenn., Court appointed, for defendant-appellant.

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is a direct appeal from the United States District Court, Eastern District of Tennessee, Northeastern Division, of a jury verdict of guilty on three counts of a four count indictment relating to violations of the Internal Revenue laws respecting the fermentation and production of distilled spirits. The jury found the Appellant guilty on Count One for possessing a still and the necessary apparatus for unlawful production of distilled spirits, 26 U.S.C. §§ 5179 and 5601(a) (1) (1964); on Count Two for carrying on the business of a distillery without giving the requisite bond, 26 U. S.C. §§ 5173 and 5601(a) (4) (1964) and on Count Three for working in a distillery at which the requisite sign had not been posted, 26 U.S.C. §§ 5180(a) and 5681(c) (1964).

The sole issue on appeal is the sufficiency of the evidence to sustain each of the three counts for which the Appellant was convicted.

At trial, two federal agents testified that over a period of several minutes and from varying locations they each saw the Appellant with two other men present at the location of the still, overheard the Appellant discuss the operation of the still with one of the others present at the still and saw the Appellant, or a man fitting the description of the Appellant, working the steam lines to and the metal capper on top of the still pot. When the presence of the federal agents was discovered, two of the men—including Appellant—attempted to flee from apprehension.

■ As to Count One of the indictment, the United States Supreme Court has held that to uphold a conviction on a charge of "possession" requires the production of evidence which shows that the accused either had custody, control or possession of the unlawful apparatus or acted in some capacity which facilitated the custody or possession of the unlawful apparatus. United States v. Bozza, 330 U.S. 160, 164, 67 S.Ct. 645, 91 L.Ed. 818 (1947). Further, while presence of an accused at a still may be introduced as relevant evidence of possession of the still and accompanying apparatus, the presence of the accused at the still is not sufficient evidence—taken by itself—to establish a prima facie case of possession of the still by the accused. United States v. Johnson, 434 F.2d 816 (6th Cir. 1970), United States v. Readus, 367 F.2d 689 (6th Cir. 1967). The statutory presumption expressed in 26 U.S.C. § 5601(b) (1) (1964) which provides that "presence of the defendant [on trial for violation of 26 U.S.C. § 5601(a) (1)] shall be deemed sufficient evidence to authorize conviction, unless

the defendant explains such presence to the satisfaction of the jury (or the court when tried without jury)" is unconstitutional. United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); United States v. Johnson, 434 F.2d 816 (6th Cir. 1970).

The evidence of "possession" in this action extends beyond the mere presence of the accused at a "set up * * * still or distilling apparatus." Taking the view of the evidence most favorable to the United States which prevailed below and drawing all reasonable inferences therefrom, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), United States v. Collon, 426 F.2d 939, 942 (6th Cir. 1970), the accused was seen by two federal agents working on and aiding in the starting of a distilling apparatus. We have recently held that serving in the capacity of a lookout or watchman for an unlawful distilling operation is sufficient conduct related to the custody or control of the still to authorize a conviction for "possession" under 26 U.S.C. § 5601(a) (1), United States v. Johnson, *supra*. Similarly, we hold that facilitating in the setting up or operation of an unlawful distilling apparatus, as the Appellant allegedly did, is sufficient conduct to authorize his conviction for a violation of 26 U.S.C. § 5601(a) (1).

With regard to the sufficiency of the evidence to sustain Appellant's conviction on Count Two, we hold that the evidence concerning Appellant's presence at the still is sufficient to authorize his conviction for "carrying on the business" of a distillery without giving bond. 26 U.S.C. § 5601(b) (2) (1964). United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), United States v. Johnson, *supra*.

As to the sufficiency of the evidence to sustain the conviction of Appellant on Count Three, we need not rely on the statutory presumption which arises from the Appellant's presence at the still, 26 U.S.C. § 5681(d) (1964). The evidence

reveals that in addition to the Appellant's presence and flight from apprehension, there is direct evidence that he was "working with the steam lines, connecting them."

Affirmed.