**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Milton Ray CLUNN, Defendant-
Appellant.**

No. 71–1461.

United States Court of Appeals,
Tenth Circuit.

April 18, 1972.

A. Camp Bonds, Jr., of Bonds, Matthews & Bonds, Muskogee, Okl., for defendant-appellant.

Robert D. McDonald, Asst. U. S. Atty. (Richard A. Pyle, U. S. Atty., on the brief), for plaintiff-appellee.

Before CLARK,* Associate Justice, and HILL and DOYLE, Circuit Judges.

DOYLE, Circuit Judge.

The defendant-appellant was found guilty of the possession and transportation of untaxed whiskey, in violation of 26 U.S.C. § 5604(a) (1). His brother, Grady Roy Clunn, was also convicted on both counts, but this appeal is on behalf

* Associate Justice, Retired, United States Supreme Court, sitting by designation.

of Milton Ray Clunn only. He challenges the sufficiency of the evidence to support the jury verdicts as well as the validity of his arrest and the search of the automobile in which he was riding. We limit ourselves to determination of the sufficiency of the evidence, it being unnecessary to decide whether the arrest and search were valid.

The incident in question occurred at 6:00 a. m. on Sunday morning, December 13, 1970, near Haileyville in Pittsburg County, Oklahoma. Appellant was a passenger in a 1966 Chevrolet which was then being driven by his brother on a gravel road in a remote rural area. Investigator Day, an agent of the Alcohol, Tobacco and Firearms Division had received information from an informant that a light colored 1965 or 1966 Chevrolet would deliver a load of moonshine whiskey to a destination along the road on Sunday morning, the 13th. The road follows the shoreline of Dow Lake in Pittsburg County until it comes to a dead end at a farmhouse.

Investigators Day and Beckman were present on a fishing road branching off the Dow Lake road for some time prior to 6:00 a. m. when the Chevrolet automobile which was owned by appellant's brother, Grady Roy Clunn, came into view. Investigator Day noticed that the Chevrolet was "sitting low in the back." He turned on his red light and radioed officers in another vehicle farther down the road that he intended to stop the white Chevrolet. Following receipt of this notice the driver of the other car pulled into the road in front of the Chevrolet car and turned on his red lights.

The driver of the Chevrolet, who turned out to be Grady Clunn, then stopped his vehicle and tried to run from it. He was pursued by Investigator Day and was caught some 300 yards away from the point where the vehicle had stopped.

Appellant, Milton Clunn, the passenger, was attempting to get out of the Chevrolet when Agent Beckman came on the scene. Beckman ordered him to stay in the car and then sought a key to the trunk, but as is often the case with vehicles transporting contraband liquor, no key was available. Beckman thereupon entered the car and detached the back cushion in the rear seat. He then removed two plastic one-gallon containers which proved to hold moonshine. There were 38 gallons besides this in small kegs and plastic containers, but only the two gallons were removed at the scene. The next day the remaining 38 gallons were taken out of the back of the car. The defendants moved to suppress the evidence, but this was denied on the ground that even though there was not probable cause prior to the apprehension and arrest, the original tip was sufficiently corroborated at the scene to furnish probable cause for the arrest and search. The evidence at trial consisted of the testimony of Investigators Day and Beckman plus the introduction of the whiskey.

The appellant and his brother denied any knowledge that the whiskey was in the trunk. Grady Clunn testified that the white Chevrolet had been his, but that he had sold it the day before to one John Lewis who had had possession of it for eight hours on the previous day. He further stated that delivery was to have been made at a gas well near Dow Lake on the morning in question. Needless to say, the testimony of Lewis was not presented.

Grady Clunn sought to explain his flight as being based on a frightened reaction. According to him he was apprehensive about the possibility that someone would try to assault him.

Appellant denied that he had any knowledge that contraband liquor was in the trunk of the car. At trial he said that he had been unemployed for several months and he was riding with his brother to the gas well in order to obtain a job. The jury found both defendants guilty.

In order to sustain the conviction for possession as charged in the

first count, it is necessary for the evidence to establish that the appellant here had dominion and control of the illicit liquor. Thus, his presence in the vehicle as a passenger is generally considered insufficient of itself to support an inference that he had control or custody of the illicit liquor; nor is mere presence enough to sustain the transportation count. If he had been the owner of the vehicle, or if he were shown to have been driving his brother's car, or directing or otherwise assisting in the operation, any such additional circumstance might serve to tip the scale in favor of sufficiency.

In an early case, Bergedorff v. United States, 37 F.2d 248, 249 (10th Cir. 1929), the evidence showed the presence of 28 kegs of moonshine whiskey buried in a creek bottom *near* defendant's land, plus four kegs which were buried *on* defendant's land. This was held to be insufficient to sustain a conviction for possession of intoxicating liquor. Possession was held to require dominion and control, which standards were not satisfied by the presence of the liquor on or near defendant's land. This, the court said, raised no more than surmise.

The Supreme Court's decision in United States v. Romano, 382 U.S. 136, 141, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965), shows the weakness of purported circumstantial evidence such as that with which we are dealing. The charge in *Romano* was custody and control of an illegal still. Before the Court was a statute providing that the presence of the accused at the site of an illegal still raised a presumption sufficient to support conviction for custody and control of the still. The Court's opinion points out that a presumption such as this does violence to logic and reason, there being no rational connection between the basic facts and the presumption to be drawn from these facts. Thus, an Act of Congress cannot give logic and reason to a deductive process which does not give rise to the inference decreed by the stat-

ute. The legislative presumption was held to be unconstitutional because it gave excessive probative force to basic facts. Similarly, a *court* cannot strain logic and reason so as to reach a result which does not flow naturally from the fact proven.

A number of Fifth Circuit cases are illustrative. See McClain v. United States, 224 F.2d 522 (5th Cir. 1955), a possession case in which it was held that the evidence sustained conviction of a person who was driving the car, but at the same time was insufficient to sustain a conviction of that individual's wife who was merely a passenger at the time; and Williams v. United States, 361 F.2d 280 (5th Cir. 1966), wherein the defendant, an occupant of the car, fled the scene when the officers came on. The evidence was held insufficient. See also United States v. McKenzie, 301 F.2d 880 (6th Cir. 1962). In United States v. Hill, 442 F.2d 259 (5th Cir. 1971), although the defendant was a passenger, there were additional circumstances connecting the defendant with the possession and transportation. See also Fowler v. United States, 234 F.2d 695 (5th Cir. 1956); Durham v. United States, 234 F.2d 694 (5th Cir. 1956); Vick v. United States, 216 F.2d 228 (5th Cir. 1954); and *cf.* United States v. Readus, 367 F.2d 689 (6th Cir. 1966); McFarland v. United States, 273 F.2d 417 (5th Cir. 1960).

The Sixth Circuit has also held that mere presence on the scene plus association with illegal possessors is not enough to support convictions for either possession or transportation of illegal liquor. See United States v. McKenzie, *supra*; cf. United States v. Readus, *supra*, 367 F.2d at 690 (6th Cir. 1966).

In our case the *only* evidence is the presence of the appellant in the vehicle which was transporting the illicit liquor. There is not even the circumstance of flight which is present in some of the cases. To find guilt then it would be necessary to infer from appellant's pres-

ence alone that he had custody and control of the liquor, and this is not possible without putting an illegal strain on the deductive process. The fact that the defendant was a brother of the owner and driver of the white Chevrolet furnishes no independent inference of his participation. It is true that the defendant in his testimony gave a somewhat incredible explanation, namely, that he was seeking a job, and it is not surprising that the jury disbelieved his story, since the happening occurred on Sunday morning at 6:00 a. m. However, the sufficiency of the evidence must be determined as it existed at the close of the government's case in view of the motion for acquittal, and at that point appellant's explanation had not been added. He had merely stated that he did not know that there was whiskey present in the car.

The *only* case cited to us by the government is that of Thomas v. United States, 409 F.2d 730, 731 (10th Cir. 1969), wherein the charge was violation of the Dyer Act. It was pointed out in *Thomas* that the evidence must be viewed in the light most favorable to the prosecution. It was further stated that circumstantial evidence furnishing reasonable inferences is sufficient to support a verdict of guilty.

In sum, the evidence in the case at bar fails to identify the source of the officer's information; it fails to show the events leading up to the arrest such as participation of the defendant in loading the trunk (if there was such participation); and since the officers did not await the delivery of the contents of the vehicle there is no evidence connecting the defendant at that stage. The total evidence is therefore the circumstances of the arrest and, as to the appellant at least, these are ambiguous and insufficient.

The judgment is reversed, and the cause is remanded for dismissal of the charges.