**UNITED STATES of America,**
**Appellee,**

v.

**Eugene Bernard HAMRICK, Appellant.**

**No. 8273.**

United States Court of Appeals
Fourth Circuit.

Argued June 21, 1961.

Decided Aug. 19, 1961.

John H. Giezentanner, Asheville, N. C., court-assigned counsel [William C. Moore, Asheville, N. C., on the brief], for appellant.

Hugh E. Monteith, U. S. Atty., Asheville, N. C., for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

BOREMAN, Circuit Judge.

Eugene Bernard Hamrick was indicted, convicted and sentenced on two counts, the first charging transportation in interstate commerce of a motor vehicle knowing the same to have been stolen, the second charging the interstate transportation of goods valued in excess of $5,000.00 knowing the same to have been stolen. Represented by court-appointed counsel, he was tried before the court without a jury. The basis of this appeal is the denial of the defendant's timely motions for dismissal and for judgment of acquittal.

One Lucian Jack Payne was separately indicted for these same offenses and entered a plea of guilty. The court heard testimony relating to the charges against Payne and at the same time conducted the trial of Hamrick. There was testimony to the effect that Payne and one J. B. Bailey were engaged in the operation of carnival amusement rides in Louisiana; that Payne either leased, or was in the process of leasing, from Bailey a ferris wheel and trailer described in the second count; that Bailey employed Hamrick to work for him but after one day gave him his choice of working for either Bailey or Payne; that Hamrick chose to work for Payne in operating the ferris wheel; that Payne and Hamrick left Louisiana, taking the trailer and ferris wheel with them, and drove to Chimney Rock, North Carolina, where they set up operations; and that Payne paid Hamrick as his employee. There was some evidence that both Payne and Hamrick assumed the name of Baker while in Chimney Rock and represented themselves as half-brothers. The Government called Payne as a witness who admitted that he had no right to remove the motor vehicle and other property from Louisiana but he exonerated Hamrick completely, stating that the latter was his employee and had no knowledge that the transported property was stolen since representations had been made to the defendant by Payne that the property had been leased from Bailey. Later the court recalled Payne as a witness and interrogated him at length but Payne steadfastly maintained that Hamrick had no knowledge that the property was stolen.

Hamrick presented no witnesses and did not testify in his own behalf. At the close of the Government's evidence and following defendant's motions for dismissal and for acquittal, the court requested and, over objection, received Hamrick's past criminal record and read aloud therefrom. The court observed: "You can tell more what kind of a snake you are dealing with if you can see his color." The defendant's previous motions were renewed and denied. The court then found the defendant guilty of aiding and abetting "in the larceny and certainly the transportation in interstate commerce of articles known to have been stolen." However, just prior to adjournment, *in the absence of the defendant*, the case was reopened and J. B. Bailey was presented as a witness. He testified that he was the owner of the transported property, that the trailer and ferris wheel were worth roughly $11,000.00, and stated his personal conclusions and opinion concerning Hamrick's knowledge that the property was stolen. Relative to Bailey's testimony, the court commented: "Yes. Well, I am glad you did, because the evidence was not nearly as strong when I declared a verdict of guilty as it is now. Of course, I would not even have had any qualms about it—I did not to begin with —but I certainly do not now at all." After Bailey briefly testified further the court stated: "Well, I do not have any qualms about the verdict. I did not at the time, but, of course, now it appears that anybody would have found him guilty now. Thank you very much, Brother Bailey."

 There was no evidence properly before the court as to the value of the "Low-Boy Trailer and an Eli #5 Ferris Wheel" described in count two as the goods alleged to have a value in excess of $5,000.00. Since the value of the transported goods is an essential element of the offense charged, a conviction under the pertinent statute, 18 U.S.C. § 2314, cannot be sustained in the absence of

proof of such value. As was stated in Abbott v. United States, 5 Cir., 1956, 239 F.2d 310, 312: "Transportation interstate, which alone creates the Federal crime, was an indispensable ingredient. So too, was value in excess of $5,000.00." No authority need be cited in support of our conclusion that the admission of testimony in the absence of the defendant was a direct violation of his right to be confronted with the witnesses against him as guaranteed by the Sixth Amendment to the Constitution of the United States, and a violation of Rule 43 of the Federal Rules of Criminal Procedure, 18 U.S.C.

■ It was error for the court to examine the criminal record of Hamrick during the course of the trial and before verdict. In Benton v. United States, 4 Cir., 1956, 233 F.2d 491, evidence had been admitted concerning defendant's reputation for violating the liquor laws and a conviction several years earlier. Judge Soper, speaking for the court, 233 F.2d 492, quoted from Michelson v. United States, 1948, 335 U.S. 469, 475, 69 S.Ct. 213, 93 L.Ed. 168, and stated:

> " 'Courts that follow the common law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. * * * The State may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. * * *.' "

From the statements of the court following the testimony of Bailey, we cannot fail to detect a note of uncertainty as to the strength of the Government's case, even after receiving information concerning defendant's prior criminal record. Hamrick challenges the sufficiency of the evidence and seeks a judgment of acquittal, not a new trial. Thus, the question is whether the evidence, viewed in the light most favorable to the prosecution, is such that the trial court might find guilt beyond a reasonable doubt. Moore v. United States, 4 Cir., 1959, 271 F.2d 564.

■ There was no direct evidence that the defendant knew the property described in the indictment was stolen. We are fully aware that circumstantial evidence may support a verdict of guilty though it does not exclude every reasonable hypothesis consistent with innocence. Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150. The circumstances here, without any explanation, might be deemed sufficient to arouse a strong suspicion that Hamrick knew the automobile, trailer and ferris wheel were stolen, but the Government provided a very reasonable explanation by offering the testimony of Payne as a witness for the prosecution. According to this witness, Hamrick believed Payne to be the lessee of the owner of the transported property with the right to exercise control over it. This asserted belief finds additional support in the uncontradicted testimony that Hamrick worked one day for owner Bailey and then became Payne's employee in publicly operating the ferris wheel and equipment with Bailey's knowledge and consent. There is nothing in the evidence to indicate that Hamrick at any time asserted an interest in the transported property or that there was any promise or expectation of profit to him from its theft or transportation. In fact, Hamrick had already left Chimney Rock when investigating officers ascertained the location of the property and Payne, in testifying for the Government, stated that Hamrick had gone to Kentucky at his request to see about Payne's wife and children and to bring them back to North Carolina. There the story ends.

■ As held by this court, Call v. United States, 4 Cir., 1959, 265 F.2d 167, 173, in the total absence of direct proof of *an essential fact*, " * * * the evidentiary facts, viewed in the light most favorable to the prosecution, must fairly warrant its inference; if they do not and the inference is so tenuous as to amount

to mere speculation, the verdict is conjectural and must be set aside." We conclude that the evidence is insufficient to sustain the conviction. The judgment must be reversed and the cause remanded with directions to enter a judgment of acquittal on both counts of the indictment under Rule 29(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.

Reversed and remanded with directions.