**UNITED STATES of America, Appellee,**

v.

**Donald Lyle HASSEL, Appellant.**

**No. 9527.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 18, 1964.

Decided Jan. 12, 1965.

Claude O. Lanciano, Philadelphia, Pa., and John P. Ellis, Arlington, Va., for appellant.

C. V. Spratley, Jr., U. S. Atty. (Plato Cacheris, First Asst. U. S. Atty. on brief), for appellee.

Before SOBELOFF, Chief Judge, BELL, Circuit Judge, and NORTHROP, District Judge.

NORTHROP, District Judge.

The question raised on this appeal is whether, under the second paragraph of Section 2314, Title 18, United States Code, a victim must be bilked out of $5,000 or more in order for federal jurisdiction to attach.

The pertinent paragraph reads as follows:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more; or"

Donald Lyle Hassel, appellant herein, along with William Michael Thaw, was indicted on three counts: (1) violating the Mail Fraud statute, Title 18, Section 1341, United States Code, (2) violating the Federal Stolen Property Act, Title 18, Section 2314, United States Code, and (3) conspiracy to violate those two sections of the United States Code.

At his trial the court directed a judgment of acquittal on Count I. After the jury found Hassel guilty on Counts II and III, the court directed a judgment of acquittal on Count III. Parenthetically, Hassel contends that having directed a judgment of acquittal on the conspiracy count, the court must direct a judgment of acquittal on Count II. We need say no more than that it is well settled that conspiracy is an offense separate and distinct from a substantive violation, Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954), Londos v. United States, 240 F.2d 1 (5 Cir. 1957), cert. denied 353 U.S. 949, 77 S.Ct. 860, 1 L.Ed.2d 858, Grove v. United States, 3 F.2d 965 (4th Cir. 1925), cert. denied 268 U.S. 691, 45 S.Ct. 511, 69 L.Ed. 1159.

Count II reads:

"That on or about July 1, 1962, the defendants, WILLIAM MICHAEL THAW, aka Michael William Thaw, and DONALD LYLE HASSEL, having devised a scheme and artifice to defraud George Thomas Shafley of money and property having a value of not less than $5,000, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, did induce the said George Thomas Shafley to travel in interstate commerce, to-wit, from Clinton, Maryland, to Arlington, Virginia, in the execution of such scheme and artifice to defraud, in violation of 18 U.S.C. 2314."

In response to an advertisement in a Washington newspaper, George Shafley traveled from his home in Clinton, Maryland, to the Key Bridge Motel in Arlington, Virginia, where he met Hassel and Thaw, who proceeded to try to sell him a bogus distributorship for $5,000. Shafley protested that the advertisement said $500 but it was quickly claimed that this was a typographical error and the "distributorship" would cost Shafley $5,000. The evidence clearly substantiates that Hassel and Thaw intended the price to be $5,000. Coming directly to the point raised in this appeal, Shafley was ultimately flimflammed out of $2,200. Hassel contends that an essential element to bring him under the Federal Stolen Property Act is lacking, namely $5,000 or more must have been obtained from the victim.

As now written, Section 2314 of Title 18 of the United States Code *

---

* "§ 2314. Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting

"Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more; or

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; or

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce, any tool, implement, or thing used or fitted to be used in falsely making, forging, altering, or counterfeiting any security, or tax stamps, or any part thereof—

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

"This section shall not apply to any falsely made, forged, altered, counterfeited or spurious representation of an obligation or other security of the United

**430**

defines four separate crimes: (1) interstate transportation of stolen goods of the value of $5,000 or more with the knowledge that such goods were stolen or taken by fraud; (2) devising a scheme to defraud a person of $5,000 while inducing that person to travel in interstate commerce in execution of the scheme; (3) interstate transportation of forged securities or tax stamps; and (4) interstate transportation of any tools used in making forged securities or tax stamps. It is an essential element of the charge in the first paragraph that the value of the transported goods be $5,000 or more, United States v. Hamrick, 293 F.2d 468 (4 Cir. 1961). This is not true with regard to the third paragraph, Olson v. United States, 234 F.2d 956 (4 Cir. 1956). Neither is it true as to the fourth paragraph.

■ The second paragraph, with which we are concerned, was inserted by Congress in 1956. It was directed at confidence games and swindles which reach into interstate commerce, i. e. "interstate transportation of persons in the perpetration of confidence games". See U.S. Code, Congressional and Administrative News, 84th Congress, Second Session, 1956, Vol. 2, Pages 3036, 3037. To adopt Hassel's construction that the victim must be induced to (1) travel interstate and (2) bring with him $5,000 would violate the intention of Congress, as the language of the statute and its legislative history clearly support the contrary construction, namely that the government must show a devising of a scheme intending a swindle of $5,000 or more, and that as a result of that scheme a victim was induced to travel in interstate commerce. As in Mail Fraud prosecution, it is not necessary to prove an actual defrauding but it is enough to prove a scheme intending to defraud and the mailing. See United States v. Sylvanus, 192 F.2d 96 (7 Cir. 1951), cert. denied

342 U.S. 943, 72 S.Ct. 555, 96 L.Ed. 701. The jurisdictional amount of $5,000 applies to the scheme and not to its execution. The evidence is ample that the swindle contemplated that amount.

We affirm.

Affirmed.

---

States, or of an obligation, bond, certificate, security, treasury note, bill, promise to pay or bank note issued by any foreign government or by a bank or corporation of any foreign country. As amended July 9, 1956, c. 519, 70 Stat. 507; Oct. 4, 1961, Pub.L. 87-371, § 2, 75 Stat. 802."