**UNITED STATES of America, Plaintiff,**

**v.**

**Robert Frederick WILEY, Joseph James Clifford, and Lewis Henry Gaddis, Defendants.**

**Crim. A. No. 67–52–J.**

United States District Court
D. Massachusetts.

Feb. 1, 1968.

**532**

Paul F. Markham, U. S. Atty., Edward F. Harrington, David M. Roseman, Asst. U. S. Attys., for the United States.

Edward F. Myers, Boston, Mass., for defendant Wiley.

Stephen Moulton, Boston, Mass., for defendant Clifford.

Eugene X. Giroux, Boston, Mass., for defendant Gaddis.

## OPINION

JULIAN, District Judge.

The three named defendants were charged in a one-count indictment with having transported a motor vehicle in interstate commerce knowing it to have been stolen. 18 U.S.C. § 2312. A jury found all three defendants guilty.

At the conclusion of the evidence the Court reserved decision on motions for judgment of acquittal filed by counsel for defendants Wiley and Clifford. The issue raised at the time the motions were filed was whether, viewing the evidence and the inferences that might reasonably be drawn therefrom in the light most favorable to the government, there was substantial evidence from which the jury might fairly have concluded beyond a reasonable doubt that the defendants were guilty. Parker v. United States, 1967, 1 Cir., 378 F.2d 641.

The government presented no evidence directly tending to show that any of the three defendants actually transported the automobile in question in interstate commerce or that they did so knowing the car to have been stolen.

To establish these two elements of the crime charged, the government presented evidence that all three defendants were arrested in Massachusetts in the automobile described in the indictment, which had been stolen in Maine about two hours earlier.

The Court instructed the jury in substance that possession by defendants in Massachusetts of the car recently stolen in Maine would justify, though not require, the inference that defendants transported the car in interstate commerce and did so knowing the car to have been stolen, unless the possession of the car by the defendants in Massachusetts was explained to the jury's satisfaction by other facts or circumstances in evidence.[1]

The government's evidence showed that defendant Gaddis was behind the wheel at the time of the arrest whereas the defendants Wiley and Clifford as well as two persons not identified by the evidence were riding in the car. The narrow question that led the Court to reserve decision on the motions was whether the evidence of *possession* as against Wiley and Clifford was sufficient to permit the jury to draw the permissible inferences as to them.

■ I hold that there was sufficient evidence from which the jury could reasonably have found that all three defendants were jointly in possession of the car.

The jury could reasonably have found that all three defendants were socializing together in Portland, Maine, during the evening of September 12, 1966, and were

---

1. See Freije v. United States, December 18, 1967, 1 Cir., 386 F.2d 408 n. 5; United States v. Weldon, 1967, 2 Cir., 384 F. 2d 772, 774; McIntosh v. United States,

last seen so engaged together in Portland at about one o'clock in the morning on September 13; that the defendants thereafter jointly attempted to obtain more wine to drink together; that they jointly decided to travel together to Boston, Massachusetts, in order to find more liquor; that defendants thereafter did travel together to Boston in the car described in the indictment for the purpose of getting more liquor; that when arrested in Boston all three defendants were jointly embarked in the car on a search for "bootleg" liquor; and that the two other persons in the car were picked up in Boston and were guiding the defendants to some place where the defendants could obtain the liquor.

From this evidence the jury would have been justified in finding that all three defendants were jointly in control of, and therefore in possession of, the car. The case is therefore distinguishable from those cases where the only evidence is that the defendant was a passenger without further evidence of his being jointly engaged with the driver of the car in the use of the car to accomplish a common objective.[2]

The fact that neither Wiley nor Clifford was driving when the car was stopped by the police officer in Boston did not on the facts and circumstances in evidence in this case prevent them as a matter of law from being in joint control and possession of the car with their companion Gaddis. When two or more persons pursuing a common purpose use a stolen car as a joint means of achieving that purpose it is obvious that only one of them can be in the driver's seat at any given time.

The motions for judgment of acquittal[3] are therefore denied.

1965, 8 Cir., 341 F.2d 448, cert. denied, 381 U.S. 947, 85 S.Ct. 1778, 14 L.Ed.2d 711; Bray v. United States, 1962, 113 U.S.App.D.C. 136, 306 F.2d 743.

2. Allison v. United States, 1965, 10 Cir., 348 F.2d 152; Camilla v. United States, 1953, 6 Cir., 207 F.2d 339; see also Barfield v. United States, 1956, 5 Cir., 229 F.2d 936, 940–941 and concurring opinion at 943–944.

3. The Court does not rest its decision on United States v. Bennett, 1966, 7 Cir., 356 F.2d 500. That case is distinguishable on its facts, and it also seeks to create a *presumption* (rather than an inference) from evidence of possession of a recently stolen motor vehicle in a second state.