Herschell Carl **THOMAS**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 12–69.

United States Court of Appeals
Tenth Circuit.

April 16, 1969.

Juan G. Burciaga, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before BREITENSTEIN, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

The appellant, Herschell C. Thomas, Jr., was tried to a jury and convicted of transporting a motor vehicle from Fontana, California, to Las Cruces, New Mexico, knowing it to have been stolen, in violation of 18 U.S.C. § 2312. On this direct appeal the appellant attacks the sufficiency of the evidence, certain of the jury instructions, and the failure of the trial court to grant a new trial.

In reviewing the sufficiency of the evidence to sustain the verdict, our inquiry is directed to ascertaining whether taking the view most favorable to the prosecution, there is sufficient direct or circumstantial evidence together with all reasonable inferences that can be drawn therefrom, on each element of the offense, from which the jury could find guilt beyond a reasonable doubt.[1] Appellant argues that because the conviction rests primarily upon circumstantial evidence, the rule of Cuthbert v. United States, 278 F.2d 220 (5th Cir. 1960) is to be applied, namely, that to sustain the conviction the inferences reasonably to be drawn from the evidence must preclude every reasonable hypothesis other than guilt. Although the difference between that rule and the one that we follow may be more semantical than real, this court[2] and many others[3] have rejected the concept and no reason has been advanced to justify a reevaluation.

The evidence tending to support the Government reflects that appellant and a companion, Robert Kinman, obtained a ride from Los Angeles, California, to Fontana, California, where Kinman happened upon a 1967 Plymouth that had been parked on the street by its owner. Kinman stole the vehicle, picked up the

---

1. McGee v. United States, 402 F.2d 434, 437 (10th Cir. 1968); Michael v. United States, 393 F.2d 22, 35 (10th Cir. 1968); Adams v. United States, 375 F.2d 635, 638 (10th Cir. 1967).

2. Barton v. United States, 407 F.2d 1155, 1158 (10th Cir. 1969); Early v. United States, 394 F.2d 117, 118 (10th Cir. 1968); Golubin v. United States, 393 F.2d 590, 592 (10th Cir. 1968); Wall v. United States, 384 F.2d 758, 762 (10th Cir. 1967); Corbin v. United States, 253 F.2d 646, 649 (10th Cir. 1958).

3. Dirring v. United States, 328 F.2d 512 (1st Cir. 1964) cert. den. 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052; United States v. Aadal, 368 F.2d 962, 964 (2d Cir. 1966) cert. den. 386 U.S. 970, 87 S.Ct. 1161, 18 L.Ed.2d 130; United States v. Nardiello, 303 F.2d 876, 878 (3d Cir. 1962); United States v. Hamrick, 293 F.2d 468, 472 (4th Cir. 1961); United States v. Thomas, 303 F.2d 561, 562 (6th Cir. 1962); Kaplan v. United States, 329 F.2d 561, 563 (9th Cir. 1964). But see, contra, McMillian v. United States, 399 F.2d 478 (5th Cir. 1968).

appellant a few hundred feet from the scene of the theft, and the two motored to Phoenix, Arizona. From there the two men, who were apparently drinking quite heavily, journeyed to a roadside park approximately 22 miles west of Las Cruces where they fell asleep. Early the next day, May 7, 1968, Ben Moreno of the New Mexico State Police observed the vehicle in the park and upon checking with his headquarters, he learned that the New Mexico license plates on the automobile had been stolen the night before in Silver City, New Mexico. When Moreno approached the vehicle he noticed the appellant reclining in the back seat and Kinman similarly situated in the front seat. Moreno awakened the men and asked to see a driver's license and the automobile registration slip. Neither man could produce the items sought and both protested that they were merely awaiting the return of the owner who had left to secure fuel to replenish the empty gasoline tank. The men were taken before a justice of the peace where they pleaded guilty to a charge of hitchhiking and received a two day jail sentence. When later questioned about the ownership and possession of the vehicle, appellant admitted stealing the license plates and attempting to siphon gasoline from unattended cars in Silver City. Kinman subsequently pleaded guilty to a Dyer Act charge based upon this same incident.

At the trial the Government produced Officer Moreno who testified that appellant had admitted stealing the license plates and attempting to siphon gasoline. The testimony of the F. B. I. agent who had also interrogated the appellant was substantially the same. Kinman appeared as a Government witness and admitted having stolen the car. He further testified that the appellant had not driven the vehicle at any time but he apparently could not recall who had stolen the license plates or how the gasoline had been obtained during the journey. He frankly admitted that the story told to Moreno at the roadside park concerning the supposed vehicle owner's trip for gasoline had been a fabrication. The defense offered no evidence.

■■ In order to obtain a conviction under the Dyer Act, it is necessary for the Government to prove that the vehicle was stolen, that it was transported in interstate commerce, and that the accused transported or materially assisted in transporting the vehicle with knowledge that it was stolen.[4] If the Government can demonstrate "that sometime during the interstate journey, defendant had driven the automobile, provided gasoline, or in some other way actively assisted in the illegal enterprise, the evidence of participation in the offense * * * [will] have been sufficient." Lawrence v. United States, 400 F.2d 624, 626 (9th Cir. 1968). Here it was shown by the uncontradicted testimony of two law enforcement officers that the appellant admitted having attempted to siphon gasoline. In addition, the testimony of one of the officers clearly established that the appellant stole New Mexico license plates in an apparent attempt to conceal the surreptitious sojourn. The testimony of the companion, Kinman, indicated that he could not remember whether the gasoline and license plates had been stolen, or if so, by whom. Such testimony is at best equivocal, and at worst, confirms the evidence against the appellant. The cumulative effect of the testimony was adequate evidence of the participation by the appellant in the unlawful interstate movement to allow the jury to conclude as it did.[5]

4. Wheeler v. United States, 382 F.2d 998 (10th Cir. 1967); Allison v. United States, 348 F.2d 152 (10th Cir. 1965); Evans v. United States, 240 F.2d 695 (10th Cir. 1957).

5. Cf. Maguire v. United States, 358 F.2d 442 (10th Cir. 1966) cert. den. Giles v. United States, 385 U.S. 870, 87 S.Ct. 138, 17 L.Ed.2d 97; Garrison v. United States, 353 F.2d 94 (10th Cir. 1965); Reese v. United States, 341 F.2d 90 (10th Cir. 1965); Lambert v. United States, 261 F.2d 799 (5th Cir. 1958); United States v. Wiley, 289 F.Supp. 531 (D. Mass.1968).

■ At the trial, appellant tendered four jury instructions that were refused by the court. The first instruction sought to admonish the jury not to consider Kinman's confession in determining the guilt or innocence of the appellant.[6] As authority for the proposition that the failure to give that instruction was error, appellant cites Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Yet the Court in Bruton was concerned with the admission of the confession of an accomplice when the accomplice invokes his privilege against self-incrimination thereby denying the defendant's right of cross-examination as secured by the Sixth Amendment. Here the confession of an accomplice was not placed in evidence, rather the accomplice himself testified and was subjected to a thorough cross-examination. In these circumstances Bruton is inapplicable and the trial court's refusal to instruct was not error.

■■ The second, third and fourth requested instructions all sought to advise the jury that circumstantial evidence must exclude every reasonable hypothesis other than guilt before a conviction can be obtained on the basis of such evidence.[7] The trial court's denial of these instructions and the giving of proper instructions on the standards for reasonable doubt was clearly the correct procedure. "[W]here the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954).

■ As a final attack on the propriety of the jury instructions, the appellant cites an example of what is said to be unfair comment by the trial court upon the meaning to be given to the evidence. It is asserted that the court implicitly indicated that the appellant did attempt to siphon gasoline and did steal the license plates in question.[8] Clearly the trial court's statement does not carry the implication the appellant would attribute to it and did not amount to unfair comment. We have carefully examined the instructions and must conclude that they constituted an accurate and forthright presentation of the controlling legal principles.

6. Defendant's Requested Instruction No. 1: "A confession made outside of court by a defendant in another case may not be considered as evidence against the other defendant who was not present and in no way a party to the confession. Therefore, if you find that a confession was in fact voluntarily and intentionally made by Robert Charles Kinman, you must not consider it and should disregard it in considering the evidence in the case against Defendant HERSCHELL CARL THOMAS, JR."

7. Defendant's Requested Instruction No. 2: "It is not enough that the testimony raise a strong suspicion of guilt. The circumstantial evidence must exclude every reasonable hypothesis other than the guilt of the defendant." Defendant's Requested Instruction No. 3: "In order to find the accused guilty of the alleged offense, the facts to support a conviction must be incompatible with innocence and incapable of explanation upon any other reasonable theory than that of guilt, and it is not sufficient that they coincide with and render probable the guilt of the accused but must exclude every other reasonable hypothesis of innocence." Defendant's Requested Instruction No. 4: "You are instructed that where circumstances alone are relied upon by the prosecution for a conviction, the circumstances must be such as to apply exclusively to the Defendant and such as are reconcilable with no other hypothesis than the Defendant's guilt, and they must satisfy the minds of the jury of the guilt of the Defendant beyond a reasonable doubt."

8. The court instructed the jury that: "Now, there has been evidence introduced here, about the defendant—attempting to show that the defendant either tried to siphon some gas, and attempting to show that he stole some license plates in Silver City. Now, the defendant is not on trial for that—for those allegations, or those matters. He's on trial for the offense charged in the Indictment, and the only purpose of introducing or allowing that type of evidence to go in, is to—what weight, if any, you might attach to it on the question of knowledge or intent or possession or control by the defendant."

At the conclusion of the evidence, the appellant moved for an acquittal or, in the alternative, for a new trial. He now asserts that once the jury returned a verdict of guilty and the trial court refused to grant a judgment of acquittal, the court was constrained to grant his motion for a new trial. There has been no suggestion of newly discovered evidence or any other reason offered that would require a new trial in the interest of justice. The denial of a motion for a new trial is within the sound discretion of the trial court. King v. United States, 402 F.2d 289, 292 (10th Cir. 1968). In these circumstances we cannot conclude that the discretion was abused.

Affirmed.