**Raymond Staton NEAL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 694–69.**

United States Court of Appeals,
Tenth Circuit.

Dec. 22, 1970.

Certiorari Denied March 22, 1971.
See 91 S.Ct. 1212.

Philip F. Horning, Oklahoma City, Okl., for appellant.

Robert D. McDonald, Asst. U. S. Atty. (Richard A. Pyle, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, Senior Circuit Judge, HILL, Circuit Judge, and THEIS, District Judge.

THEIS, District Judge.

This is a direct appeal from a jury conviction of violating 18 U.S.C.A. § 2312. The principal issues presented are whether there was sufficient evidence to sustain the conviction, and whether appellant's court-appointed counsel was ineffective in the trial of the case.

In reviewing the evidence that was produced in the district court, we must consider the evidence in the light most favorable to the Government, together with any inferences which may be fairly drawn therefrom, to determine whether the jury could find guilt beyond a reasonable doubt. Thomas v. United States, 409 F.2d 730 (10th Cir. 1969). The evidence tending to support the Government reflects that on March 18, 1969, appellant was assisting the operator of a parking lot in Fort Smith, Arkansas, during the noon rush period. The owner of the stolen motor vehicle

involved in this action left her vehicle at the parking lot with appellant to be parked. Appellant was seen driving the car down an alley adjacent to the parking lot later in the afternoon. Later that evening the appellant arrived at the home of Thelma Darrow, near Moffett, Oklahoma, and told her that the car he was driving, which belonged to a girl friend, was stuck in the mud and he needed assistance in pulling it out. Mrs. Darrow, appellant, and one Jim Angel, who arrived at the Darrow home shortly after appellant, then proceeded, in a truck owned by Angel, to the spot where the car was stuck and attempted to remove it from the roadway. Their attempts were ultimately unsuccessful and appellant was then driven to Moffett, Oklahoma, where he said he could get a wrecker to assist him. It is undisputed that the car in question was stolen in Fort Smith, Arkansas, and that the same car was the one appellant attempted to remove from the mud near Moffett, Oklahoma.

In order to obtain a conviction under the Dyer Act, it is incumbent upon the Government to establish that the car was stolen, that it was transported in interstate commerce, and that the accused transported it with knowledge that it was stolen. Id.

This Court has repeatedly held that from possession of a recently stolen vehicle, absent satisfactory explanation thereof, the jury may properly infer that the possessor knew the car was stolen and he transported it. United States v. Bridges, 406 F.2d 1051 (10th Cir. 1969); Wheeler v. United States, 382 F.2d 998 (10th Cir. 1968); Garrison v. United States, 353 F.2d 94 (10th Cir. 1965).

■ Appellant contends that he satisfactorily explained his possession by testifying that he found the stolen car while walking along a dirt road and thought it belonged to an acquaintance of his. His testimony was to the effect that he was making an attempt to remove the vehicle from the mud and return it to whom he thought was the owner. Apparently the jury did not deem this explanation satisfactory from a credibility standpoint. It appears to this Court that there was a connecting chain or sequence of events or circumstances relative to the car and this defendant which could lead a jury logically to believe beyond a reasonable doubt facts sustaining the elements of a Dyer Act offense. From this evidence the jury could readily have inferred that appellant transported the stolen car from Arkansas to Oklahoma. They could also infer that the transportation was with knowledge that the car was stolen. In our opinion there was an ample amount of evidence to sustain the conviction.

■ Appellant next contends that representation afforded him by his appointed counsel in the court below was inadequate and ineffective. We have reviewed the entire record and conclude that the representation was not such as to make the trial a mockery, sham or farce. See Johnson v. United States, 380 F.2d 810 (10th Cir. 1967).

■ The other issues presented by appellant were not raised in the trial court and will not now be considered by this Court, since the present record on appeal does not provide a proper basis for their determination. See United States v. Priest, 419 F.2d 570 (10th Cir. 1970).

Affirmed.