**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph Thomas SADLER, Defendant-Appellant.**

**No. 71–1571.**

United States Court of Appeals,
Tenth Circuit.

April 20, 1972.

Douglas T. Francis, Albuquerque, N. M., for defendant-appellant.

Richard J. Smith, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., on the brief), Albuquerque, N. M., for plaintiff-appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

HILL, Circuit Judge.

Sadler appeals his conviction by a jury in the United States District Court for the District of New Mexico of violation of 18 U.S.C. § 2312, which prohibits the interstate transportation of a stolen motor vehicle. In this appeal, appellant assaults the initial arrest as illegal, asserts error in the trial court's denial of his motion to suppress certain evidence, and questions the sufficiency of prosecution evidence to establish his knowledge of the felonious taking of the automobile.

On the afternoon of October 15, 1971, a New Mexico State Police patrolman stopped the car in which appellant was a passenger for a routine driver's license and registration check. The car bore Colorado dealer license plates. The patrolman asked the driver, appellant's companion Shope, for his driver's license and the vehicle registration. Shope produced his driver's license from the trunk, which he opened with a screwdriver. While the trunk was open, the patrolman noticed a spare tire with unique markings which indicated it belonged to a national car rental agency. The patrolman again requested the registration. Registration for the Colorado dealer license plates was obtained from Sadler. Sadler indicated the car was owned by Golden Eagle Manufacturing Company in Colorado, that he was an employee of that company, and that he was authorized to have the vehicle.

The patrolman then asked permission to look through the car for further proof of ownership. Permission was given and the patrolman searched the automobile. Search of the glove compartment disclosed an oil company credit card issued to a John C. Moore. In response to the patrolman's inquiry as to possible verification of the automobile's ownership, Sadler responded that a telephone call to Golden Eagle Manufacturing Company would establish this. Sadler and Shope then accompanied the patrolman to Tucumcari where attempts to contact the company were unsuccessful. A call was also placed to the National Crime Information Center concerning the possible theft of the car, but there was no report that the car was stolen.

On the basis of the uniquely marked spare tire, the patrolman telephoned the car rental agency and learned the car had been reported stolen. Sadler and Shope were then placed under arrest and were advised of their rights. Sadler refused to sign the waiver of rights form. A traffic citation was issued for improper use of registration plates, bond was posted, and they were released.

On the next day, Sadler and Shope were arrested by the F.B.I. Sadler was again informed of his rights. He stated he understood and was willing to be in-

terviewed without an attorney, but declined signing the waiver of rights form. Upon being questioned about the car, he said he and Shope had won approximately $1450 from a J. C. Moore in a card game in Washington, D. C., and that Moore, being unable to pay the debt, gave them the car as collateral. Subsequent investigation disclosed that Moore was unknown at the gaming establishment where the gambling debt was allegedly incurred, and that rarely, if ever, did the card games result in more than $5 or $10 changing hands. Appellant additionally stated that he had substituted the Colorado dealer plates to secure insurance coverage under the dealer plates. Sadler also testified at trial that the license plate had been substituted to thwart any attempt by the disgruntled loser of the card game to wipe out his debt and recover his car by reporting his car as stolen.

At trial, testimony was elicited and evidence presented showing that John C. Moore had lost his card case containing his credit cards and other identificatory items in mid-August, 1970; that the automobile had been rented at an eastern United States air terminal on August 27, 1970, using an American Express credit card issued to John C. Moore; and that the two clerks on duty at the time both recognized Sadler as one of the men who rented the car.

■■ Appellant first asserts the initial stopping by the state patrolman was illegal due to lack of probable cause to investigate. At the hearing on the motion to suppress, the patrolman testified he made the initial stop on the basis of the Colorado dealer plates which were displayed, together with the visible damage to the trunk lid as though it had been pried open. Detention for a routine automobile registration check is not, per se, illegal.[1] Additionally, the patrolman's testimony indicated there was some basis for suspicion which would justify stopping the automobile.[2]

■ Appellant next argues the incriminating evidence which was subsequently produced was inadmissible due to the failure to advise him promptly of his Miranda rights. Sadler asserts this warning should have been given immediately upon arousal of suspicion. This, he asserts, would have staved off his being lulled into a false sense of security and would have put him on his guard. "The general 'on the scene' questioning of citizens by police officers in the fact-finding stage of an investigation of a possible crime . . . is not condemned by the rule of Miranda v. Arizona . . . ." United States v. Quinones-Gonzalez, 452 F.2d 964, 965 (10th Cir. 1971). The fact of crime, in this case, had not been established at the time Sadler contends the warning should have been given. When the fact of crime was established, the Miranda safeguard warning was given immediately.[3]

■ Sadler next asserts the evidence presented by the prosecution failed to establish the essential element of his knowledge of the felonious taking. Knowledge of felonious taking, even in the face of what appellant contends is a satisfactory explanation, may be inferred by the jury from the evidence presented, and will be upheld unless that determination is totally devoid of evidentiary support. Neal v. United States, 438 F.2d 301 (10th Cir. 1970), cert. denied 401 U.S. 979, 91 S.Ct. 1212, 28 L.Ed.2d 331.

Affirmed.

---

1. *See* United States v. Hackett, 437 F.2d 420 (10th Cir. 1971).

2. [A] brief detention based on an officer's reasonable suspicion that criminal activity was afoot is constitutionally permissible for the purposes of a limited inquiry. . . . United States v. Sanchez, 450 F.2d 525, 528 (10th Cir. 1971). *See also* United States v. Fallon, 457 F.2d 15 (10th Cir. 1972).

3. *See* United States v. Fallon, 15 F.2d 457 (10th Cir. 1972).