**UNITED STATES of America, Appellee,**

v.

**Robert Jorden GRENAGLE, Appellant.**

**No. 78–5096.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1978.

Decided Dec. 6, 1978.

Certiorari Denied Feb. 21, 1979.
See 99 S.Ct. 1260.

David R. Eaton, Baltimore, Md., for appellant.

D. Christopher Ohly, Asst. U. S. Atty. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and PHILLIPS, Circuit Judges.

HAYNSWORTH, Chief Judge:

The defendant was convicted of the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312, and of the interstate transportation of stolen goods in violation of § 2314. Section 2314 has a jurisdictional amount requirement. The value of the transported stolen goods must be more than $5,000. In finding that the value requirement was met here, the value of the stolen van was added to the value of its contents. Since the defendant stood convicted of the transportation of the van, we do not think it should be considered as a transported stolen good, the value of which might be considered in meeting the jurisdictional requirement of § 2314.

A van containing some cash, over 300 cartons of cigarettes, and cases of canned drinks and food for the stocking of vending machines was stolen in the District of Columbia and transported to Maryland. The retail value of the contents of the van was proven to have been $3,824.90. No conviction under § 2314 could have been had for the transportation of the contents alone. Only by adding to the value of the contents the value of the van itself was the jurisdictional requirement met.

■ The jurisdictional amount requirement of 2314 was intended to limit federal court jurisdiction and federal court prosecutions to interstate transportation of stolen goods having substantial value. *United States v. Tippett,* 353 F.2d 335, 338 and n. 1 (4th Cir. 1965), *cert. denied,* 383 U.S. 908, 86 S.Ct. 889, 15 L.Ed.2d 664 (1966), and to avoid overtaxing the resources of the Department of Justice. *United States v. Moore,* 571 F.2d 154, 156 (3d Cir.), *cert. denied,* 435 U.S. 956, 98 S.Ct. 1589, 55 L.Ed.2d 808 (1978); *United States v. Bottone,* 365 F.2d 389, 394 (2d Cir.), *cert. denied,* 385 U.S. 974, 87 S.Ct. 514, 17 L.Ed.2d 437 (1966); *United States v. Schaffer,* 266 F.2d 435, 440 (2d Cir. 1959), *aff'd,* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960);

H.R.Rep.No.1599, 73d Cong., 2d Sess. 3 (1934); H.R.Rep.No.1462, 73d Cong., 2d Sess. 2 (1934). The Congress determined that it was appropriate to engage federal prosecutorial and judicial resources when stolen goods having a value of more than $5,000 was transported in interstate commerce, leaving to the states the prosecution of thefts when the value of the goods transported was $5,000 or less. *See United States v. Nall,* 437 F.2d 1177, 1187 (5th Cir. 1971).

■ The defendant, of course, transported the van as well as its contents, and the aggregate value of the whole was more than $5,000. He was charged, however, in a separate count with the interstate transportation of the stolen van, and now stands convicted of it. To permit its value to be aggregated with the value of the contents to meet the jurisdictional requirement of § 2314 would trivialize the jurisdictional amount requirement.

If the stolen vehicle was worth more than $5,000, surely the Congress did not intend double prosecutions under both § 2312 and § 2314. Nor is the situation substantially altered if the stolen vehicle having a value of more than $5,000 contains some chattels of modest value, tools for the changing of tires, a flashlight, and a man's topcoat. Nor are we as judges able to draw a value line with respect to the contents of such a vehicle at any place short of the $5,000 fixed by the Congress. Doubtless, the government had a choice. It could have prosecuted this defendant under either section. If it chose § 2314, the value of the van could have been considered in a determination that the value of the transported goods exceeded $5,000. Having prosecuted him under § 2312 for the transportation of the van, however, his conviction under § 2314 may not stand when consideration of the value of the van was essential to that prosecution and conviction.

Concurrent sentences were imposed, but the defendant is entitled to have his conviction under § 2314 stricken. His conviction under § 2312 is affirmed.

*REVERSED IN PART;*

*AFFIRMED IN PART.*