UNITED STATES of America, Plaintiff,

v.

Steve HONEY, Defendant.

No. B–CR–81–2.

United States District Court,
E. D. Arkansas, N. D.

Dec. 4, 1981.

Robert Govar, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

A. Watson Bell, Searcy, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

The defendant, Steve Honey, was convicted on Count III of the superseding indictment filed against him in these proceedings.[1] Count III charged the defendant with interstate transportation of stolen property under the provisions of the first paragraph of 18 U.S.C. § 2314. The stolen property identified in Count III consisted of three diesel motors which had been stolen from farms in Jackson County, Arkansas, and which had been transported and sold to an individual in Montegut, Louisiana, named Ronald Macalusa. The indictment alleged that the three motors had a value of $5,000 and that they had been stolen and unlawfully converted and removed from Jackson County, Arkansas, and that the defendant knew that they had been stolen. The defendant now moves, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, for judgment of acquittal notwithstanding the jury's verdict of "guilty." For the reasons set forth below, the defendant's motion will be denied.

The defendant's motion is based primarily on the contention that the government failed to establish the value requirement of section 1124. The applicable statutes are 18 U.S.C. § 2314 and 18 U.S.C. § 2311. 18 U.S.C. § 2314 provides in relevant part:

Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; ... shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

18 U.S.C. § 2311 provides, so far as material here:

"Value" means the face, par, or market value, whichever is the greatest, and the aggregate value of all goods, wares, and merchandise, securities, and money re-

ferred to in a single indictment shall constitute the value thereof.

It is well recognized that a conviction under section 2314 cannot be sustained in the absence of proof that the stolen goods being transported exceed $5,000 in value. Proof of such value is both an "essential element" and an "essential jurisdictional prerequisite." *United States v. Nall*, 437 F.2d 1177, 1187 (5th Cir. 1971); *United States v. Whetzel*, 589 F.2d 707, 710 (D.C. Cir.1978); *United States v. Bastone*, 526 F.2d 971, 984 (7th Cir. 1975); *United States v. Hassel*, 341 F.2d 427, 430 (4th Cir. 1965); *United States v. Hamrick*, 293 F.2d 468 (4th Cir. 1961); *United States v. Moore*, 571 F.2d 154, 156 (3rd Cir. 1976); *United States v. Perry*, 638 F.2d 862, 865 (5th Cir. 1981). As stated in *United States v. Chandler*, 586 F.2d 593, 602 (5th Cir. 1978), *cert. denied*, 440 U.S. 927, 99 S.Ct. 1262, 59 L.Ed.2d 483 (1979): "Although we are quite sure that the $5,000 limitation was not designed to protect those who transport property of a lesser value but rather to avoid overtaxing the federal judicial system, its effect is to leave the punishment of such persons to the states and to make the limitation an essential part of the federal crime." *See United States v. Grenagle*, 588 F.2d 87 (4th Cir. 1978), *cert. denied*, 440 U.S. 927, 99 S.Ct. 1260, 59 L.Ed.2d 482 (1979); *Moore, supra*, 571 F.2d at 156.

This Court submitted the case with respect to Count III to the jury with instructions that the jury could find that the $5,000 jurisdictional amount under section 2314 was satisfied, if the jury found beyond a reasonable doubt that the "aggregate value" of the three diesel motors identified in Count III had a value of $5,000 or more.[2] The defendant argues, contrary to the aforementioned instruction, that the value of the motors may not be aggregated in order to bring about the required statutory value.

1. The defendant was convicted on November 19, 1981, following a two day jury trial.

2. At the close of the parties' cases, the Court recognized the issue presently before the Court and brought it, *sua sponte*, to the parties' atten-

tion. The Court, however, allowed the case to proceed to the jury subject to the defendant's right to file the present motion for judgment of acquittal.

Initially, it is important that the Court reiterate its finding that a "reasonably minded" jury could not have concluded that any one of the three motors, individually, had an independent separate value of $5,000 or more.[3] *See Perry, supra*, 638 F.2d at 868. The Court reaches this conclusion only after "viewing the evidence most favorable to the government and affording its case all favorable inferences that may reasonably be drawn."[4] *Perry, supra*, 638 F.2d at 873.

It follows from the above finding that the defendant's conviction can stand only if the government is allowed to aggregate the value of the three motors described in Count III. If aggregation is not permissible, defendant's conviction must be set aside.

To resolve this issue, the Court turns to the applicable statutes. Particularly relevant, and worthy of repetition, is 18 U.S.C. § 2311:

> "Value" means the face, par, or market value, whichever is the greatest, and the aggregate value of all goods, wares, and merchandise, securities and money referred to in a single indictment shall constitute the value thereof.

As previously mentioned, section 2314 requires that the transported property have a value of $5,000 or more.

Congress defined this particular federal offense and included within its definition the $5,000 limitation in issue. The apparent reason for this limitation was the desire to "avoid overtaxing the resources of the Department of Justice." *Grenagle, supra*, 588 F.2d at 88; *United States v. Bottone*, 365 F.2d 389 (2nd Cir. 1966). As stated in H.R. Rep.1462, 73d Cong., 2d Sess., p. 2 (1934):

> It is believed that it would place too great a burden on the Department of Justice to ask it to undertake to apprehend and prosecute every person violating the substantive provisions of such a law without regard to the amount of

property involved. The minimum valuations fixed in the bill required to give the Federal Government jurisdiction are the figures asked and recommended by the Attorney General.

It is important to note that Congress, in defining this offense, could have chosen any amount other than $5,000 or refrained entirely from specifying a minimum value. *United States v. Neary*, 552 F.2d 1184, 1189 (7th Cir. 1977).

Congress also chose to include within the statutory meaning of "value," "the aggregate value of all goods . . . referred to in a single *indictment*," 18 U.S.C. 2311 (emphasis added). The following excerpts from the relevant Congressional reports lend support to the government's contention that the statute means exactly what it says:

> As reported by your committee, the jurisdiction of the Federal Government is limited to cases in which the value of the stolen property is $5,000 or more, except in cases of pledging or accepting in pledge such property for a loan in which case the minimum is set at $500. *There is added a provision which authorizes Federal jurisdiction in the case of a series of transactions involving property of a total value of $5,000 or more.*

H.R.Rep.1462, 73d Cong., 2d Sess., p. 2 (1934) (emphasis added).

> The second amendment of the House added, also, a provision which authorizes Federal jurisdiction in the case of a series of transactions involving property of a total value of $5,000 or more. The Senate agreed to the amendment.

H.R.Rep.1599 (Conference Report), 73d Cong., 2d Sess., p. 3 (1934).

> It is to be noted in this connection, that under the terms of section 5 of the Act in the event the defendant is charged with a series of violations, the aggregate value of the property referred to in the indictment may be taken to make up the minimum valuation.

---

3. This finding was originally announced following the presentation of the parties' evidence.

4. The sole evidence proffered by the government on this point was the owner's unsup-

ported, contradicted opinion that the 453 brand Detroit diesel motor was worth approximately $5,000 when stolen.

H.R.Rep.422, 76th Cong., 1st Sess., pp. 1–2 (1939) (in amending the Stolen Property Law). Thus, the statute, as well as the supporting legislative history, indicates a Congressional desire to allow a conviction under this statute in instances where a defendant commits a series of transactions involving property which, when aggregated, has a value of $5,000 or more. Certainly the Congressional purpose (as set forth *supra*) is not hindered by allowing the Department of Justice to apprehend and prosecute an individual who has transported goods valued in excess of $5,000, albeit not in one shipment. Such an individual would not be representative of the group of "petty" thieves which Congress apparently feared would "overtax the Department of Justice." *Bottone, supra,* 365 F.2d at 394.

The Court is, therefore, unable to say that Congress, in enacting section 2311, meant anything other than what is expressly stated in that section—that the aggregate value of all goods referred to in a single indictment shall constitute the value thereof.

In the instant case, the various items of stolen property were transported, or caused to have been transported, and sold by the defendant, Steve Honey. The separate shipments clearly represent a "series of transactions" which have been charged in one count of a single indictment.

The defendant argues that the fact that the shipments are referred to in a single indictment is not sufficient to aggregate the value of the three motors. Rather, the defendant contends that "[t]he value of the stolen goods transported in discreet shipments in Interstate Commerce may be aggregated in order to meet the statutory minimum of $5,000.00 only when the goods are 'referred to in a single indictment,' 18 U.S.C. § 2311, *and* the shipments 'have enough relationship so that they may properly be charged as a single offense.' *Schaffer v. United States,* 362 U.S. 511, 517, 80 S.Ct. 945, 949, 4 L.Ed.2d 921 (1960)," *United States v. Perry,* 638 F.2d 862 (5th Cir. 1980) (emphasis added). According to the defendant, each of the shipments was separate and distinct from the others and, thus, was not properly chargeable as a single offense.

The defendant relies heavily on *Andrews v. United States,* 108 F.2d 511 (4th Cir. 1939). In *Andrews,* transactions involving values less than $5,000 were aggregated for the purposes of section 2314. The court found that the shipments were not "separate and independent transactions, but were made pursuant to the conspiracy; and that the conspiracy gave them unity for purpose of the statute." *Id.* at 514. *See Schaffer,* 362 U.S. at 518 n.11, 80 S.Ct. at 949 n.11. *See also United States v. Schaffer,* 266 F.2d 435, 439 (2d Cir. 1958), *aff'd* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). However, by way of dictum, the Court stated the following proposition now relied on by the defendant:

> While, of course, transactions which are entirely separate and distinct cannot be grouped for the purpose of establishing a value within the statute, they may be considered together where they are not separate and distinct but are the carrying out of a single plan or conspiracy. The statute makes it a criminal offense to transport stolen goods of the value of $5,000 or more in interstate commerce and it can make no difference that the transportation is accomplished by a number of different shipments, provided all are made pursuant to a single plan or agreement.

*Andrews,* 108 F.2d at 514. In *United States v. Schaffer,* 266 F.2d 435, the Second Circuit discussed the *Andrews* dictum, but found no need to decide "what ruling should be made in a case where the transactions are truly 'separate and distinct'" since it was "perfectly clear that the shipments (in issue) with respect to each appellant were not 'separate and distinct.'" *Id.* at 439. According to the court, "the proofs disclose as to each appellant a sufficient 'unity for the purpose of the statute.'" In reaching its determination that the shipments were not separate and distinct, the Second Circuit expressed the view that much may depend upon the facts of a particular case. The

court then proceeded to list the following factors to be examined:

All goods acquired by each appellant were acquired from the same distributor, Tony Stracuzza; all goods were acquired at the same discount according to a pre-arranged agreement; all shipments included within the indictment as to each appellant were concentrated within a specified time of no more than two and one-half months; each shipment had the same origin and destination; the merchandise shipped was all of the same type, ladies' and children's wear; and each appellant in negotiating with the Stracuzzas contemplated a number of transactions.

266 F.2d at 439.

Admittedly, a number of factors present in *Schaffer* are present in the instant case, i.e., the same general origin and destination, the same type goods and same general time period. However, none of these factors, whether viewed independently or as a whole, provide actual, substantive support to the contention that the shipments were in some way "unified" or "related."

Rather, the Court views these factors as scarcely more than "window dressing" used to buttress the really essential elements present in *Schaffer*; (1) all goods were acquired at the same discount according to a *pre-arranged agreement*; and (2) each appellant in negotiating with the Stracuzzas *contemplated a number of transactions.* It is these factors which provide the foundation for the court's finding in *Schaffer* that it was "perfectly clear that the shipments with respect to each appellant were not separate and distinct." 266 F.2d at 439. Likewise, it is these elements which are missing in the instant case. There is absolutely no evidence before the Court to suggest a scheme or plan existed between the defendant and the recipient; nor is there evidence to suggest the recipient contemplated any of the shipments involved in the present case.

Thus, upon careful examination of the factors set forth in *Schaffer*, 266 F.2d at 439, the Court concludes that the shipments involved in the instant case were each separate and distinct transactions. As discussed earlier, however, the Court does not agree with the *Andrews* dictum that "transactions which are entirely separate and distinct cannot be grouped for the purpose of establishing a value within the statute ...." Rather, the Court reads the applicable statutes as requiring only that the transactions be properly referred to in a single indictment. Thus, the conviction stands despite the finding that the transactions were, indeed, separate and distinct.

Nor is the Court's decision affected by the language of the Supreme Court in *Schaffer v. United States*, 362 U.S. 511, 517, 80 S.Ct. 945, 949, 4 L.Ed.2d 921. In that case, the Supreme Court stated that "[a] sensible reading of the statute properly attributes to Congress the view that where the shipments have enough relationship so that they may properly be charged as a single offense, their value may be aggregated." This question-begging language, while appropriate under the facts of *Schaffer*, is of little help here.

The Court does not view the above-quoted language as a limitation on the statutory meaning of "indictment." *See Perry, supra*, 638 F.2d at 870. Rather, the language was addressed to the particular facts of that case. In *Schaffer*, each petitioner received numerous shipments of stolen goods pursuant to a prearranged agreement with the distributor. In other words, the defendants caused the shipments to be made to themselves by "agreement." No individual shipment was worth as much as $5,000. However, the total merchandise shipped to each petitioner during the period charged in the several counts was of a value in excess of $5,000. The transactions, unlike those involved in the instant case, were not "separate and distinct."

After reviewing the applicable facts, the Supreme Court correctly held that Congress intended to allow aggregation where the "shipments have enough relationship so that they may properly be charged as a single offense ...." The Supreme Court did not face a factual setting such as the one presently before the Court (separate and distinct transactions) and, therefore, did not address the issue. Had the issue

been addressed, this Court is persuaded that the Supreme Court would have broadened its language to permit aggregation where the transactions are properly "referred to in a single indictment," 18 U.S.C. § 2311, because it would have concluded the Congressional intent evidenced by the statutory definition of "value" and the legislative history required that result, even though the only true "relationship" between the shipments was the fact that each was made, or caused to have been made, by the same defendant. Such acts by one person provide "sufficient unity" for the purpose of the statute.

In the instant case, the shipments by Mr. Honey occurred within a short, compressed period of time. But, according to this Court's view of the law, the only appropriate time limitation would be the applicable statute of limitations. In other words, if one defendant, by completely separate and independent shipments, transports property which, in the aggregate, is valued at $5,000 or more within the period of the statute of limitations, then, according to this Court's analysis, he could be charged under 18 U.S.C. § 2314, and it would make no difference whether the interstate shipments had a common origin or a common destination. Even without proof of any pre-arrangement or conspiracy, if one person transports enough property across state lines, knowing same to have been stolen, within the period of the statute of limitations, the federal prosecutor may, if he wishes, prosecute him under section 2314.

If the United States Attorney here had chosen to prosecute Mr. Honey for the three shipments (each of a value under $5,000) in three separate counts of the indictment, another question would arise: if the value of the property in each of the three counts could be aggregated for the purpose of reaching the $5,000 jurisdictional amount (because under section 2311 said property was referred to "in a single indictment"), would it be proper to permit that person to be convicted of three separate crimes under section 2314 with the possibility of a three-fold increase in the sentence? As indicated, we do not need to answer this question because the prosecutor here aggregated the three shipments within *one count* of the indictment and, therefore, Mr. Honey has been convicted of only one crime and must be sentenced accordingly.

It is, therefore, the conclusion of this Court that the transactions, though separate and distinct, were properly referred to in a single count of the indictment. There was no error in allowing the value of the individual shipments referred to in Count III to be aggregated in order to reach the $5,000 requirement.

Finally, the defendant argues that the facts of this case fall short of establishing a jury question concerning the knowledge of the defendant that the property which was transported in interstate commerce was stolen. Upon examination of the evidence presented in the case, the Court concludes that this contention is without merit. The Court has little difficulty in holding that there was sufficient evidence presented at trial from which a rational trier of fact could have found that every essential element of the offense alleged in Count III was proved beyond a reasonable doubt.

It is therefore Ordered that the defendant's motion for acquittal be, and it is hereby, denied.